AUSA: Blaine Longsworth  Telephone: 810.766.5177
Special Agent: Nate Sutara  Telephone: 810.341.5710

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

Deangelo M. Taylor

    Defendant(s).

Case: 4:21−mj−30057
Assigned To : Unassigned
Date : 2/2/2021
SEALED MATTER (kcm)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of __August 2 2020__, in the county of __Genesee__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a), | Possession of cocaine with intent to distribute, |
| 18 U.S.C. § 922(g)(1), and | Felon in possession of a firearm, and |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a firearm in furtherance of a drug trafficking crime. |

This criminal complaint is based on these facts:
Please see the attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Nate Sutara, Special Agent - ATF&E
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __February 2, 2021__

_____
*Judge's signature*

City and state: __Flint, Michigan__

Curtis Ivy, Jr., United States Magistrate Judge
*Printed name and title*

## Affidavit

I, Nathan Sutara, being duly sworn, depose and state the following:

### *Introduction and Agent Background*

1. I make this affidavit in support of a criminal complaint and arrest warrant for Deangelo Montress Taylor (xx-xx-1982) for possessing cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a), possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

2. I have been employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since May 2018. I am currently assigned to the Flint Office of the Detroit Field Division. I am tasked with investigating violations of federal firearms and narcotics laws. Before working with ATF, I was employed by the Michigan Department of State Police (MSP) for about five years. I held several positions with the MSP, including Detective/Trooper with the Major Case Unit in Saginaw. During this employment, I investigated numerous incidents involving robberies, shootings, and homicides as well as violations of state and federal firearms laws.

3. I make this affidavit with personal knowledge based on my participation in this investigation, including witness interviews by myself and/or other law enforcement agents, communications with others who have personal knowledge of

the events and circumstances described herein, and information gained through my training and experience. The information set forth below is provided for the limited purpose of establishing probable cause and I have not included everything I know about the facts of this investigation.

### *Probable Cause*

4. An hour after midnight on August 02, 2020, the state police were in a patrol car near the intersection of McClellan and Brownell streets in Flint, within the Eastern District of Michigan. While facing westbound at the intersection, the troopers saw a white Dodge Journey opposite them on the other side of McClellan Street. The Dodge Journey then passed by the patrol car heading eastbound. As it did, the troopers noticed that the registration plate light was defective because no light illuminated the registration plate in violation of Mich. Comp. Law § 257.686(2). The troopers turned around and followed the Dodge Journey. After the Dodge Journey turned onto Kirkwood Street, the troopers activated their overhead lights and stopped the car there.

5. As the troopers approached, they noticed the driver, Deangelo Taylor, and a front-seat passenger in the car. During their initial interaction, a trooper saw a clear plastic baggie in between Taylor's feet on the floor mat. The trooper then asked Taylor to step out of the car. As Taylor did so, a trooper saw a Glock 9mm pistol

partially underneath the driver's seat. When asked, Taylor admitted that he was a convicted felon.

6. During a pat-down, a trooper found evidence in the pockets of Taylor's shorts: a 9mm pistol magazine loaded with 15 rounds of 9mm ammunition, and a clear plastic baggie enclosing seven other clear baggies, each containing a white powdery substance suspected to be powder cocaine.

7. The troopers searched the car. The 9mm pistol was loaded with one round in the chamber and 45 rounds in a drum magazine. The baggie on the driver's floor mat enclosed eight other clear plastic baggies, each containing a white, rock-like substance suspected to be crack cocaine. The troopers also found a digital scale in a center console cup holder.

8. While seated in the patrol vehicle, a trooper advised Taylor his *Miranda* rights from his department-issued *Miranda* card. Taylor advised he understood his rights and agreed to answer questions. Taylor admitted that he put the plastic baggie on the floor mat near his feet and he identified the substances as crack cocaine. He also disclosed that the baggie in his pocket was cocaine. He stated that he uses both crack and powder cocaine and intended on using the cocaine at a party on this night. As for the pistol, Taylor admitted the firearm underneath his seat was a Glock and that he usually keeps it underneath the seat for protection. When he gets out of the vehicle, Taylor said he typically puts the smaller magazine in the

gun to carry with him. Taylor admitted that he is a convicted felon who went to prison and because of this he knew he was not supposed to possess a firearm. Taylor also acknowledged that the magazine found in his pocket goes to the firearm found underneath his seat. After further questioning, Taylor revealed that he is not currently working and he sells crack, cocaine, and methamphetamine for extra money. Taylor explained that he will sell the drugs to friends here and there for "something small." Taylor said he will sell a line of cocaine or some rocks of crack for $15-$20 at a time to put extra money in his pocket.

9. The firearm seized by the state police is a Glock, 9mm, model 19, semiautomatic pistol bearing serial number BFNV974. I consulted with interstate nexus expert Jonathan Wickwire of the ATF, who informed me that this firearm was manufactured outside of Michigan. This firearm therefore traveled through interstate or foreign commerce before Taylor possessed it.

10. At the state police post, a trooper field-tested the suspected cocaine using a Sirchie Nark Cocaine ID swipe. Each test turned blue, indicating the presence of cocaine. The Michigan State Police Crime Laboratory later performed preliminary testing on some of the suspected cocaine seized from Taylor. Using a TruNarc Analyzer, a forensic scientist reported that the substances were positive for the presence of cocaine.

11. The firearm, 61 rounds of ammunition, 15 individually packaged baggies of

cocaine, and digital scale were all within Taylor's reach in the car. The firearm was loaded and readily accessible, capable of being used quickly to protect Taylor's supply of cocaine.

12.  I reviewed Taylor's criminal history. In 2000, he was convicted of breaking and entering a building with intent in the 7th Circuit Court in Flint, Michigan. In 2018, he was convicted of possession of a controlled substance (cocaine, heroin, or other narcotic) less than 25 grams in the 7th Circuit Court in Flint, Michigan. Under Michigan law, these two felony offenses are punishable by more than one year in prison. Given these felony convictions and his admission to the state police, I believe there is probable cause to believe that Taylor knew in August 2020 that he had been convicted of at least one felony offense punishable by more than one year in prison.

## *Conclusion*

13.   Based on the foregoing, I submit that there is probable cause to believe that DeAngelo Taylor possessed cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a), possessed a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), and possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). I therefore request that the Court issue a criminal complaint and arrest warrant for DeAngelo Taylor.

Respectfully submitted,

_____
Nathan Sutara
ATF Special Agent

Subscribed and sworn to by reliable electronic means before me on
February 2, 2021

_____
Hon. Curtis Ivy, Jr.
United States Magistrate Judge

6